UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HEATHER CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  1:24-cv-00762 (UNA) |
| ) | |
| MICHAEL RUDISILL, *et al*., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2.  The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses this case without prejudice.

Plaintiff, a resident of Bangor, Maine, and former federal employee, sues an administrative law judge with the Merit Systems Protection Board ("MSPB"), located in Sanford, Maine, the Chief of the United States Office of Special Counsel ("OSC"), and an OSC attorney, broadly alleging constitutional violations pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  *See* Compl. at 2–4.  More specifically, plaintiff contends that the MSPB judge violated her rights by "indefinitely staying an appeal of a Prohibited Personnel Action, denying a motion to continue the case . . . and then refusing to dismiss the case" so that she could have timely appealed to the U.S. Court of Appeals for the Federal Circuit.  *See id.* at 4.  Plaintiff further asserts that the OSC defendants have engaged in wrongdoing by refusing to accept, and improperly dismissing, a complaint that she has attempted to file with OSC against the MSPB judge.  *See id*. She demands over $7 million in damages for her alleged "emotional distress, plus mental suffering, as well as time wasted[.]"  *Id.* at 5.  Plaintiff faces hurdles here that she cannot overcome.

First, a court is immune from damages suit for actions taken in the performance of its duties. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges are absolutely immune from suits for money damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). "The scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Further, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Id.*; *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice."). Relevant here, this absolute immunity extends to administrative law judges. *See Butz v. Economou*, 438 U.S. 478, 513 (1978).

Second, the federal government and its agencies are absolutely immune from suit unless there has been an express waiver of sovereign immunity. This means, as the Supreme Court has stated, that constitutional tort suits against the United States or its agencies are not permitted. *Federal Deposit Ins. Corp v. Meyer*, 510 U.S. 471, 484-486 (1994). Accordingly, plaintiff may not bring such claims against the MSPB or its officials. *See Grant v. Department of Treasury, et al.*, 194 F. Supp. 3d 25, 29–30 (D.D.C. 2016).

Third, plaintiff alleges that defendants have infringed upon her rights by violating select provisions of the Federal Criminal Code and the Civil Service Reform Act ("CSRA"). *See* Compl. at 4. But plaintiff cannot bring a cause of action under any of the authority upon which she relies.

There is simply no express private right to action under the criminal statutes cited in the complaint. *See North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 77 (D.D.C. 2015) (citing *RJ Prod. Co. v. Nestle USA, Inc.*, No. 10–0584, 2010 WL 1506914, at *2 n.1 (D.D.C. Apr. 15, 2010) (holding that because criminal statutes under Chapter 18 of the United States Code "do not provide for private causes of action, they cannot be used to grant plaintiff access to federal courts")); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190–91 (D.D.C. 2009) (stating that no private right of action exists to enforce the federal criminal code)), *aff'd*, No. 09–5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010); *Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (holding that federal criminal statutes do not convey a private right of action) (collecting cases).

Moreover, the D.C. Circuit has held unequivocally that "constitutional *Bivens* claims are unavailable to supplement a federal employee's statutory remedies under the CSRA[,]" even if such a claim is filed by "those claimants within the system for whom the CSRA provides no remedy whatsoever." *See Sculimbrene v. Reno*, 158 F. Supp. 2d 1, 8–9 (D.D.C. 2001) (internal quotation marks omitted) (quoting *Spagnola v. Mathis*, 859 F.2d 223, 226–28 (D.C. Cir. 1988); *Schweiker v. Chilicky*, 487 U.S. 412, 423 (1988); citing *Bush v. Lucas*, 462 U.S. 367, 385, 386–88 (1983).

Finally, plaintiff cannot initiate criminal proceedings, or asks this court to review an agency's refusal to pursue criminal charges, by filing a complaint with this court, because it has no authority to compel the government to initiate a criminal investigation or to prosecute a criminal case. *See Shoshone–Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *see also Cox*

*v. Sec'y of Lab.*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). The decision of whether to prosecute, and for what offense, rests with the prosecution. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Nor may plaintiff compel a federal criminal investigation by any law enforcement agency, including the OSC, by filing a civil complaint. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *see also Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

As such, this case is dismissed without prejudice. Plaintiff's motion for CM/ECF password, ECF No. 3, is denied as moot. An order consistent with this memorandum opinion is issued separately.

Date:  April 25, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge